UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTIS JOHNSON,

        Petitioner,               Case No. 1:11-cv-1188

v.                                    Honorable Janet T. Neff

JOHN PRELESNIK,

        Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Ionia Maximum Correctional Facility. He currently is serving a term of life imprisonment on a 1976 conviction for armed robbery. In 1980, while he was serving his sentence, he was convicted of assault with intent to do great bodily harm. He was sentenced on the 1980 offense to a consecutive prison term of five to ten years.

In 1987, Petitioner filed a habeas petition challenging his 1976 conviction. *See Johnson v. Brown*, No. 1:87-cv-741 (W.D. Mich.). That petition was denied on the merits on September 7, 1993. *Id.* (docket #126). Petitioner filed a second habeas action in 1989. *See Johnson v. Hawley*, No. 2:89-cv-363 (W.D. Mich.). The case has long since been closed, and it is not apparent from the docket sheet which conviction Petitioner challenged, though the denial apparently was on the merits and involved a full review of the trial court record. *Id.* (docket #23). In 2003, Petitioner filed a second habeas petition challenging his 1976 armed-robbery conviction. *See Johnson v. Burt*, No. 2:03-cv-71656 (E.D. Mich.). The case was transferred to the Sixth Circuit on

the grounds that it was second or successive to this Court's denial of the petition in *Johnson v. Brown*, No. 1:87-cv-741 (W.D. Mich. Sept. 7, 1993). *See Johnson v. Burt*, No. 1:03-cv-71656 (E.D. Mich. Dec. 16, 2003). Thereafter, in 2008, Petitioner filed a habeas petition challenging his 1980 conviction, which was denied as time-barred. *See Johnson v. Wolfenbarger*, No. 08-cv-10511 (E.D. Mich. Nov. 21, 2008). In his current habeas application, Petitioner contends that he should be released from confinement on both of his convictions because the prison unconstitutionally took a DNA sample against his will.

Because Petitioner's previous habeas action on his 1980 conviction was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).[1] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470

---

[1] When the initial petition is filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

(1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal on the merits has a preclusive effect under § 2244, and moreover, certain types of decisions reached before a merits determination also have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). A dismissal based on procedural default is "on the merits" and thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions). Petitioner's previous habeas action challenging his 1980 conviction was dismissed as time-barred, thus the instant petition is second or successive. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

As to Petitioner's challenge to his 1976 conviction, the second or successive provision does not apply, because Petitioner's prior habeas action was filed before the 1996 enactment of the AEDPA. *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Rather, this Court must assess whether the second or successive petition would have survived under the pre-AEDPA "abuse of the writ" standard. *Id.* That standard "allow[ed] a second motion containing a

new claim where the inmate can 'show cause for failing to raise [the issue in the first motion] and prejudice therefrom.'" *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)), *cited in Cress*, 484 F.3d at 852. With respect to the cause determination, the habeas court must decide "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McCleskey*, 499 U.S. at 498. To show cause, a petitioner must demonstrate that, at the time he filed his first habeas petition, he conducted "a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . . ." *Id.* In order to show prejudice, a petitioner must demonstrate that the alleged constitutional error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Tolliver v. Sheets*, 594 F.3d 900, 924 (6th Cir. 2010) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

Petitioner cannot demonstrate the necessary prejudice. His present petition provides no basis for habeas corpus relief. Even if the Respondent improperly took a DNA sample from Petitioner in 2011, that action would not constitute a basis for granting habeas relief from his 1976 judgment of conviction. His present challenge to his 1976 conviction therefore constitutes an abuse of the writ. Accordingly,

IT IS ORDERED that, to the extent Petitioner intends to challenge his 1976 armed-robbery conviction, his habeas petition constitutes an abuse of the writ and is hereby DISMISSED.

IT IS FURTHER ORDERED that, to the extent Petitioner intends to challenge his 1980 assault conviction, the application for habeas relief is TRANSFERRED to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.


 November 23, 2011                               /s/ Janet T. Neff
Date                                             Janet T. Neff
                                                 United States District Judge